UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60445-CIV-DIMITROULEAS/ROSENBAUM

WARREN W. LEE,

    Plaintiff,

v.

COASTAL IMPACT WINDOWS, INC.,
a Florida corporation, MICHAEL NORSESIAN,
and RONALD RAY,

    Defendants.
_____/

**ORDER**

This matter is before the Court upon Plaintiff's Motion to Compel Interrogatory Responses and Document Responses from the Corporate Defendant Coastal Impact Windows, Inc. ("Motion to Compel" [D.E. 11]. The Court held a hearing on August 27, 2008 [D.E. 15], and both parties appeared and argued their positions. [D.E. 17]. After review of the Motion, all responsive and supporting filings, arguments presented at the August 27th hearing, as well as the Court file, the Court granted in part and denied in part Plaintiff's Motion to Compel at the August 27th hearing. This Order memorializes the Court's decision.

*I. Background*

Plaintiff filed his Complaint on March 3, 2008, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), by Defendants. [D.E. 1]. Plaintiff asserts that he worked in excess of the maximum number of regular hours allowed by FLSA, and was not paid at a rate of a time and one half. *Id.* Plaintiff is seeking alleged owed overtime compensation, damages and reasonable attorney's fees and costs. *Id.*

According to Plaintiff, Plaintiff served his First Request for Production of Documents and First Set of Interrogatories on May 16, 2008. [D.E. 11].   The responses to Plaintiff's discovery requests were due on June 15, 2008. *Id.*  On June 23, 2008, Defendants served their Answers to First Set of Interrogatories. *Id.*, Ex. C.  Defendants did not respond to Plaintiff's request for documents.

Plaintiff filed his Motion to Compel on July 8, 2008, seeking responses to his document requests and more complete responses to Interrogatories 1, 2, 3, 5, 7, 8, 9 and 10. [D.E. 11]. Plaintiff also requested attorney's fees in the amount of $665.00 for the filing of his Motion. *Id.*  Defendants' response to Plaintiff's Motion was due on July 25, 2008.   On July 25, 2008, Defendants failed to file a response.  As a result, the Court issued an Order to Show Cause to Defendants directing that they respond by August 7, 2008. [D.E. 12].

On August 7, 2008, Defendants filed their Response to the Order to Show Cause and attached to their response Defendants' Amended Answers to Plaintiff's First Set of Interrogatories and Supplemental Responses to Plaintiff's First Request for Production. [D.E. 13].  Defendants argue that they were the victims of embezzlement by former director and owner Michael Morelli and that Defendant Michael Norsesian was acting only as an estimator for the company Defendant Coastal Impact Windows, Inc. ("Coastal Impact"), until discovery of Mr. Morelli's alleged embezzlement. *Id.*  After that time, Defendant Norsesian assumed the role of chief executive officer of the company. Additionally, Defendants assert that Defendant Ronald Ray is only an investor and is not involved in Defendant Coastal Impact. *Id.*   Thus, Defendants assert Mr. Norsesian and Mr. Ray lacked the requisite knowledge to answer certain interrogatories posed by Plaintiff.  After Plaintiff filed his Motion to Compel, however, Defendants did file Amended Answers to the Interrogatories, which provided more far more responsive answers than their original effort. *Id.*

2

Further, Defendants state that due to Mr. Norsesian's advanced age and the alleged embezzlement by Mr. Morelli, Defendant Coastal Impact was unable to continue doing business or paying rent for its business premises. *Id.* Regarding Defendants' failure to provide responses to the document request, Defendants represent that as a result of their inability to pay the rent, the landlord of their business premises obtained an order from state court allowing him to seal the premises with the business records of Coastal Impact inside. *Id.* As a result, Defendants do not have possession of any of the business records of Coastal Impact. *Id.* In addition to considering their amended and supplemental document responses, Defendants ask the Court to take into account the effect that the overwhelming failure of Coastal Impact had on Mr. Norsesian, as well as his age and lack of access to the information, in deciding the Plaintiff's Motion to Compel. *Id.*

Plaintiff filed his Reply on August 7, 2008. [D.E. 14]. Plaintiff contends that Defendants' Response to Order to Show Cause fails to provide a sufficient basis for denying Plaintiff's Motion to Compel. In this regard, Plaintiff notes that Defendants' response provides no evidence of the state court order referred to by Defendants, nor does it explain why Defendants failed to respond timely to Plaintiff's Motion to Compel. *Id.* Further, Plaintiff states that Defendants have not demonstrated that they attempted to retrieve the records sought by Plaintiff. *Id.* Plaintiff also complains that Defendants' interrogatory responses are still insufficient. *Id.* Finally, Plaintiff requests a total of $1,015.00 in attorney's fees for filing his Motion and Reply. *Id.*

## *II. Analysis*

Rule 26(b), Fed. R. Civ. P., sets forth the permissible parameters of discovery. Under that rule,

> Parties may obtain discovery regarding any matter, not privileged,
> that is relevant to the claim or  sought; or (iii) the burden or expense

3

> of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . .

R. 26(b), Fed. R. Civ. P.  The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a **broad** search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case."  Adv. Com. Notes, 1946 Amendment, R. 26, Fed. R. Civ. P. (citations omitted) (emphasis added).  Indeed, the Advisory Committee Notes approvingly cite language from a case stating that "the Rules . . . permit 'fishing for evidence as they should.'" *Id.* (citation omitted).

The courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure.  As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies.  The United States Supreme Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)[1] (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964)).  Of course, the scope of permissible discovery is not unbounded.  Requested discovery must be relevant, and it must not impose undue burden or be protected by privilege, under the tests described in Rule 26(b)(2)(C).

In this case, on August 27, 2008, both parties attended the scheduled hearing on Plaintiff's Motion to Compel. [D.E. 17].  At the hearing, the Court inquired as to whether any discovery was

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

still outstanding from Defendants. In response, Plaintiff represented that Defendants' interrogatory responses were still insufficient with respect to Interrogatories 7 and 8, and that Defendants still had not provided documents responsive to Plaintiff's document requests.

Regarding the interrogatories, after brief argument, the Court agreed that additional information was responsive to Interrogatories 7 and 8, and relevant, and had not been provided by Defendants. Defendants were directed to provide information regarding the employees who worked within same department as Plaintiff in response to Interrogatory 7, as such information could assist in determining how many, if any, unpaid hours of overtime Plaintiff worked, a matter plainly relevant to the instant proceedings. Defendants were also directed to explain further the job duties of Plaintiff's supervisors while he was employed at Costal Impact, as well as the duties of Mr. Norsesian after Mr. Morelli left the company, in response to Interrogatory 8. Such information is relevant to Plaintiff's claims that Mr. Norsesian is a proper defendant in this action. Further, the Court ordered Defendants to explain the meaning of the phrase "take offs" as stated in Defendants' Amended Answers to Interrogatories. [D.E. 13, p. 7]. In the absence of such an explanation, the value of the rest of the answer is limited. The Court ordered Defendants to produce the additional information responsive to these interrogatories by September 6, 2008.

Next, the Court inquired of Defendants why they had not provided Plaintiff with any responsive documents. Defendants represented that the documents responsive to Plaintiff's document requests were not in their possession because a state court order allowed Defendants' landlord to seal Defendants' former business premises with the documents inside. However, Defendants admitted that they had not provided Plaintiff or the Court with a copy of the state order that they assert precluded their ability to retrieve responsive documents. As a result, the Court

5

directed Defendants to provide the state court order at issue to Plaintiff by August 29, 2008. While Defendants were agreeable to an order directing the landlord to provide Plaintiff access to the documents, the Court explained that it would not issue an order directed to the landlord without first giving the landlord an opportunity to be heard. In order to bring the landlord before the Court, Plaintiff had the option of subpoenaing the landlord for the records Plaintiff seeks from Defendants. If the landlord refuses to comply, Plaintiff can make an appropriate motion seeking compliance, and the Court will provide the parties and the landlord with an opportunity to be heard.

Additionally, other sources of the documents Plaintiff seeks may exist. In this regard, during the hearing, Defendants agreed to contact their payroll company, Exceptional Personnel, Inc., regarding the release of documents responsive to Plaintiff's document requests. Defendants also stated that they would identify any accountants utilized by Coastal Impact who might possess documents responsive to Plaintiff's discovery requests. Defendants were to provide such information by August 29, 2008. Finally, in order to enable Plaintiff to subpoena Defendants' landlord, the Court directed Defendants to provide Plaintiff with the contact information for Defendants' landlord by August 29, 2008. Accordingly, the Court granted this part of Plaintiff's Motion to Compel.

Plaintiff also moved for a total of $1,015.00 in attorney's fees relating to his Motion to Compel. Federal Rule of Civil Procedure 37(a)(4) provides that the court shall require reasonable expenses incurred in making the motion, including attorney's fees, to be paid by the opposing party, unless the opposing party's opposition to the motion to compel was "substantially justified, or . . . other circumstances make an award of expenses unjust." "The Supreme Court has clarified that [a party's] discovery conduct should be found 'substantially justified' under Rule 37 if it is a response

to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).

During the hearing on this Motion, the Court asked Defendants whether any substantial justification existed for their failure to respond initially to Plaintiff's Motion to Compel and to provide documents responsive to Plaintiff's document requests, or to provide sufficient answers to Plaintiff's interrogatories. Defendants admitted that their initial answers to the interrogatories were insufficient but argued that their amended answers were satisfactory. Regarding Defendants' failure to provide responsive documents, Defendants asserted that they wanted the Court's intervention, as the state court order did not allow them access to the responsive documents.

As noted at the hearing, however, other document resources existed to allow Defendants to attempt to retrieve documents in response to Plaintiff's document requests, besides Defendants' former business premises. Nor did Defendants file anything to elicit the Court's assistance in accessing the sealed premises to obtain responsive documents. Further, Defendants did not provide an explanation was to why they did not timely respond to Plaintiff's Motion to Compel. Rather, during the hearing and to Defendants' credit, Defendants forthrightly stated that there was no reason that Defendants did not respond in a timely manner. As Defendants' position was not substantially justified and no other circumstances rendered an award unjust, the Court found that Plaintiff was due reasonable expenses for the filing of his Motion to Compel. Accordingly, the Court awarded Plaintiff reasonable fees in the amount of $350.00 to be paid by Defendants. As Plaintiff requested $1,015.00 in fees, Plaintiff's request for attorney's fees is denied in part.

## II. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Interrogatory Responses and Document Responses from the Corporate Defendant Coastal Impact Windows, Inc. [D.E. 11], is **GRANTED in part** and **DENIED in part**. In accordance with this Order, Defendants shall do the following:

(1) provide to Plaintiff additional information in response to Interrogatories 7 and 8, as set forth above, by September 6, 2008;

(2) produce to Plaintiff the state court order sealing the business premises of Defendant Coastal Impact Windows, Inc., by August 29, 2008;

(3) provide to Plaintiff the contact information for the landlord of Defendants' former business premises by August 29, 2008;

(4) contact Exceptional Personnel, Inc., by August 29, 2008, to arrange for the release of the responsive documents to Plaintiff;

(5) identify any accountants utilized by Coastal Impact, regarding the release of any responsive documents to Plaintiff by August 29, 2008; and

(6) pay Plaintiff reasonable attorney's fees in the amount of $350.00.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 3rd day of September, 2008.

_____

ROBIN S. ROSENBAUM

United States Magistrate Judge

cc:   Honorable William P. Dimitrouleas

   counsel of record